IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERESA RADCLIFFE,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

17-cv-353-slc

---

On March 5, 2018, the court entered an order reversing the final decision of the Acting Commissioner and remanding the action to the agency for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 13 & 14. On May 30, 2018, the court accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorneys' fees in the amount of $6,500. *See* dkts. 15-22. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $55,325.00 in past-due benefits. Plaintiff's lawyer, Dana Duncan, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $13,831.25, pursuant to his 25% contingency fee agreement with plaintiff, less the $6,500 he was already paid under the EAJA, for a total of $7,331.25  Dkt. 20.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney

was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing reasonableness, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a windfall for the attorney. *Id*. at 806-08.

The fee requested by Attorney Duncan in this case is reasonable. Duncan is an experienced social security attorney who obtained excellent results for his client, securing a remand that ultimately led to a monthly benefit award to plaintiff of $821 and past-due benefits of more than $55,000, not to mention Medicare eligibility. Moreover, an award of approximately $13,800 for 26.60 hours of attorney time, which translates to an hourly rate of $520, is not outside the range of awards granted in similar cases. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees with hourly rates ranging from $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Duncan would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Finally, neither Radcliffe nor the Commissioner opposes the motion. Accordingly, the court will

2

grant Duncan's motion for attorney fees in the amount of $7,331.25, which reflects a fee award of $13,831.25, less the $6,500 he was previously awarded under the EAJA.

ORDER

It is ORDERED that Attorney Dana Duncan's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 23, is GRANTED. The court approves a total representative fee award of $13,831.25. Of that amount, $7,331.25 is to be payable to plaintiff's attorney, Dana Duncan, out of plaintiff's past-due benefits.

Entered this 20th day of March, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge